**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**JONATHAN BISHOP**                                                        **PLAINTIFF**

**v.**                                                           **No. 1:25-cv-00152-MPM-DAS**

**INTERSTATE FIRE SALES AND SERVICE,
LLC D/B/A STATE FIRE and JOHN DOES 1-5**            **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of Plaintiff Jonathan Bishop to remand this case to the Circuit Court of Choctaw County. [5]. Defendant Interstate Fire Sales and Service, LLC d/b/a State Fire ("State Fire") did not respond. The Court, having considered the motion and Plaintiff's memoranda, concludes that the motion is well taken and should be granted.

In seeking remand, Mr. Bishop argues, and this Court agrees, that it was not timely removed within the thirty-day period set forth in 28 U.S.C. § 1446(b)(1). This statute provides that:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Federal law thus required State Fire to remove this action within thirty days of service of process of a complaint setting forth a basis for federal jurisdiction.

The record reveals that, on June 17, 2025, Mr. Bishop provided State Fire with service of process of a state court complaint alleging that (1) Jonathan Bishop is a resident citizen of Attala County, Mississippi; (2) State Fire is a Delaware limited liability company with its principal place of business in Utah; and (3) Mr. Bishop seeks recovery for negligence and gross negligence and demands "all damages including actual and compensatory damages, economic and non-economic

damages, pre- and post-judgment interest; and .. attorneys' fees, costs, expenses, punitive damages, and any other legal or equitable relief to which he may be entitled." *See* [2].

Although the complaint does not state a specific dollar amount of damages, that omission is not dispositive. "The court determines whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000. In conducting this analysis, the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought." *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *1 (N.D. Miss. Oct. 25, 2001) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)). Moreover, "[t]he jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Here, it was facially apparent from the complaint that the amount in controversy exceeded $75,000 at the time of removal. The pleading asserted negligence and gross negligence and sought expansive categories of compensatory damages and punitive relief. [2] at 6. Given the nature of those claims and the breadth of damages requested, the jurisdictional threshold under 28 U.S.C. § 1332(a) was satisfied upon service of the complaint. Accordingly, the thirty-day removal period under § 1446(b)(1) was triggered upon service of that initial pleading.

Despite being served with a complaint from which it was facially apparent that diversity jurisdiction existed, including that the amount in controversy likely exceeded $75,000, State Fire did not remove this action until September 17, 2025, well outside the thirty-day period required by statute.

ACCORDINGLY, Mr. Bishop's Motion to Remand [5] is GRANTED, and this case is hereby remanded to the Circuit Court of Choctaw County.

SO ORDERED, this the 18th day of February, 2026.

                                                /s/Michael P. Mills
                                            UNITED STATES DISTRICT JUDGE
                                            NORTHERN DISTRICT OF MISSISSIPPI